FILED

10 DEC -3 AM 9: 25

NORTHERN DISTRICT COURT
DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | INFORMATION |
|---|---|---|
| Plaintiff, | ) | 1:10 CR 505 |
| v. | ) CASE NO. _____ | |
| | ) | Title 33, United States Code, |
| THOMAS J. STRICKER, | ) | Section 1319(c)(2)(A), and |
| GREGORY T. STRICKER, and | ) | Title 18, United States Code, |
| STRICKER REFINISHING CO., INC., | ) | Section 2 |
| | ) | |
| Defendants. | ) | JUDGE LIOI |

At all times material herein:

Background

1. THOMAS J. STRICKER and GREGORY T. STRICKER are the owners and operators of STRICKER REFINISHING COMPANY, INC. ("SRC"). SRC, an Ohio corporation, is a metal plating company located in Cleveland, Ohio. As a part of the plating processes at SRC, metals and chemicals such as copper, nickel, silver, zinc, and

2

cyanide are used. Therefore, some wastewaters generated by SRC also contain copper, nickel, silver, zinc, and cyanide.

2. The SRC facility discharges into the Northeast Ohio Regional Sewer District ("NEORSD") sewer system which services the City of Cleveland. To reduce the amount of pollutants discharged into the sewer system to an acceptable level, SRC processes its wastewater using a pretreatment system. The SRC has a permit to discharge treated industrial wastewater to the NEORSD sewer system issued by NEORSD.

## Clean Water Act - Local Requirements

3. The Federal Water Pollution Act, Title 33, United States Code, Section 1251, *et seq.*, more commonly known as the Clean Water Act ("CWA"), was enacted by Congress to restore and maintain the chemical, physical, and biological quality of the nation's waters.

4. Under the CWA, it is unlawful to violate any requirement imposed in a local pretreatment program approved under 33 U.S.C. §§ 1342(a)(3) and (b)(8). See 33 U.S.C. § 1319(c). The Administrator of the United States Environmental Protection Agency ("U.S. EPA") delegated to the State of Ohio, through the Ohio Environmental Protection Agency ("Ohio EPA"), authority to approve pretreatment programs in the State of Ohio. The NEORSD's pretreatment program was approved by the Ohio EPA.

3

5. The NEORSD's pretreatment program prohibits bypasses of any pretreatment system, without prior written notification and approval of NEORSD. See Title II, Section 2.0512, NEORSD Code of Regulations. In addition, SRC's permit provides that SRC must 1) notify the NEORSD in advance of any system changes that cause a change in the effluent quality or quantity, and 2) report any bypass of the pretreatment system immediately to NEORSD.

Bypassing the Pretreatment System

6. A description of the pretreatment system used at SRC is included in SRC's permit. The description indicates that SRC's rinsewaters are processed through the facility's pretreatment system. The rinsewaters are processed in the facility's pretreatment system because some contain metals.

7. Beginning in March 2007, and continuing through August 2007, defendants, THOMAS J. STRICKER and GREGORY T. STRICKER, changed the way some of the rinsewaters were handled at SRC. Instead of processing all rinsewaters through the facility's pretreatment system, the defendants, THOMAS J. STRICKER and GREGORY T. STRICKER, directed that some rinsewaters were to be pH treated, while others were to be directly discharged into the sewer system. pH treatment of the rinsewaters was ineffective at reducing the amount of metals in the rinsewaters.

4

8. During this same time period, defendant, THOMAS J. STRICKER, diverted wastewater around the pretreatment system and directly into the sewer system. Defendant, THOMAS J. STRICKER, bypassed the pretreatment system in this manner on three occasions.

9. Neither defendant, THOMAS J. STRICKER, GREGORY T. STRICKER, nor SRC, contacted NEORSD about these bypasses either before or after the bypasses occurred.

10. From on or about March 2007, through on or about August 2007, on numerous occasions in the Northern District of Ohio, Eastern Division, defendants, THOMAS J. STRICKER, GREGORY T. STRICKER, and SRC, knowingly violated a requirement in an approved local pretreatment program, to wit: the defendants, THOMAS J. STRICKER, GREGORY T. STRICKER, and SRC, bypassed and caused the bypass of the pretreatment system at the SRC facility. Specifically, defendants, THOMAS J. STRICKER, GREGORY T. STRICKER, directed that some untreated and pH treated rinsewaters be discharged without going through the pretreatment system and, on three occasions, defendant, THOMAS J. STRICKER, diverted wastewater around the pretreatment system and directly into the sewer system. These bypasses were done

5

without the notification and approval of the NEORSD, in violation of Title 33, United States Code, Section 1319(c)(2)(A) and Title 18, United States Code, Section 2.

STEVEN M. DETTELBACH
United States Attorney

By: *Sharon L. Long*
SHARON L. LONG
Unit Chief, Major & Cyber Crimes Unit